IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY | : : : | CIVIL ACTION NO. 4:15-cv-00539-MWB |
| v. | : : | (Hon. Matthew W. Brann) |
| ICON LEGACY CUSTOM MODULAR HOMES and ICON LEGACY | : : : : | Document filed electronically |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Rule 56.1 of the Local Rules of this Court, Westfield,[1] by and through counsel, hereby submits the following Response to Icon's Statement of Material Facts:

1. Denied that this is a material fact in the instant dispute.

2. Admitted, despite the lack of any citation to the record as required by Local Rule 56.1. *See* ECF No. 28, ¶ 2; ECF No. 29, ¶ 2.

3. Admitted, despite the lack of any citation to the record as required by Local Rule 56.1. *See* ECF No. 28, ¶ 1; ECF No. 29, ¶ 1.

4. Admitted.

5. Admitted.

---

[1] Except as set forth herein, capitalized terms in this Opposition Brief have the same definition as set forth in Westfield's Brief in Support of Plaintiff's Motion for Summary Judgment ("Westfield's Moving Brief," ECF No. 97).

6. Admitted.

7. Denied that this is a material fact in the instant dispute. The Policy's premium has no bearing on this dispute.

8. Admitted that the language quoted in this Paragraph is contained in the Insuring Agreement of the Policy. Denied that the quoted language is the entirety of the Insuring Agreement. The Insuring Agreement also includes the following language: "However, we will have no duty to defend the insured against any 'suit' seeking damages for bodily injury' or 'property damage' to which this insurance does not apply." *See* ECF No. 93 at 9.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted that the language quoted in this Paragraph is contained in the Policy's definition of "products-completed operations hazard." Denied that the quoted language is the entirety of the Policy's definition of "products-completed operations hazard." *See* ECF No. 93 at 23-24.

13. Admitted.

14. Denied as stated. Admitted that CG7121 was added to the Policy and that a copy of CG7121 is attached as Exhibit 2 to Icon's Brief. Any characterization of CG7121 is denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted that the Ahmad Complaint contains these allegations, among others.

19. Admitted that the Ahmad Complaint contains these allegations, among others.

20. Admitted that the Ahmad Complaint contains these allegations, among others.

21. Admitted that the Ahmad Complaint contains these allegations, among others.

22. Admitted that the Ahmad Complaint contains these allegations, among others.

23. Admitted that the Ahmad Complaint asserts these five causes of action against Icon. Denied that how the Ahmad Complaint styles its causes of action is a material fact in the instant dispute. Denied that the causes of action against Johannesen are a material fact in the instant dispute.

24. Admitted that the Ahmad Complaint alleges, among other things, that, pursuant to the contract between Icon and Ahmad, Icon's work was comprised of manufacturing the home and, separately, installing/assembling it.

25. Admitted that the Ahmad Complaint contains these factual allegations, among others.

26. Admitted that the Ahmad Complaint contains these factual allegations, among others.

27. Admitted that paragraphs 27 and 28 of the Ahmad Complaint allege that the home's "defects are the result of Icon's failure to properly manufacture and/or assemble the Home in accordance with its contract" and that "Icon manufactured and/or assembled the Home in a careless manner, using poor workmanship and unacceptable building practices."

28. Admitted that the Ahmad Complaint contains these allegations, among others. The Ahmad Complaint also alleges that "Icon negligently and/or recklessly and incorrectly manufactured the box units comprising the Home." *See* ECF No. 28-2 (Ahmad Compl.), ¶ 70. Denied that how the Ahmad Complaint styles its causes of action is a material fact in the instant dispute.

29. Denied that this is a material fact in the instant dispute.

30. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

31. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

32. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

33. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

34. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

35. Denied as stated. Admitted that Westfield is currently providing Icon with a defense in the Ahmad Case under a full and complete reservation of rights. *See* ECF No. 93 at 41-47. Any characterization of Westfield's reservation of rights is denied.

36. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

37. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

38. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

39. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

40. Denied as stated. Admitted that Westfield is currently providing Icon with a defense in the Ahmad Case under a full and complete reservation of rights. *See* ECF No. 93 at 41-47. Any characterization of Westfield's reservation of rights is denied.

41. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

42. Denied as stated. Admitted that Westfield is currently providing Icon with a defense in the Messana Case under a full and complete reservation of rights. *See* ECF No. 93 at 60-65. Any characterization of Westfield's reservation of rights is denied.

43. Admitted.

44. Admitted.

45. Admitted that the Messana Complaint contains these allegations, among others.

46. Admitted that the Messana Complaint contains these allegations, among others.

47. Admitted that the Messana Complaint contains these allegations, among others.

48. Admitted that the Messana Complaint contains these allegations, among others.

49. Admitted that the Messana Complaint contains these allegations, among others.

50. Admitted that the Messana Complaint contains these allegations, among others.

51. Admitted that the Messana Complaint alleges that the "actions and/or inactions" of all defendants, including Icon, caused damage to the home.

52. Admitted that the Messana Complaint contains this cause of action. Denied that how the Messana Complaint styles its causes of action is a material fact in the instant dispute.

53. Denied that this is a material fact in the instant dispute.

54. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

55. Denied as stated. Admitted that Westfield is currently providing Icon with a defense in the Messana Case under a full and complete reservation of rights. *See* ECF No. 93 at 60-65. Any characterization of Westfield's reservation of rights is denied.

56. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

57. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

58. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

59. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

60. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

61. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

62. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

63. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

64. Denied as stated. Admitted that Westfield is currently providing Icon with a defense in the Messana Case under a full and complete reservation of rights. *See* ECF No. 93 at 60-65. Any characterization of Westfield's reservation of rights is denied.

65. Admitted in part, denied in part. Denied that the alleged amendment to count 8 of the Trevor Complaint is a material fact in the instant dispute. Denied that Westfield was provided notice of such alleged amendment, and thus, Westfield

is without sufficient information to either admit or deny the veracity of Exhibit 13 to Icon's Brief. The remaining allegations of this Paragraph are admitted.

66. Admitted that paragraph 8 of the Trevor Complaint alleges that "Curtis and Bouvier were acting as agents of VMH and the Icon Defendants, and VMH was acting as an agent of the Icon Defendants." The implication that the Trevor Complaint alleges that these entities were Icon's subcontractors is denied.

67. Denied as stated. In addition to Icon, the Trevor Complaint names Icon Legacy Transport, L.L.C., Vermont Modular Homes, Inc., David E. Curtis, Blaine D. Bouvier, Osborne Construction, LLC, and Paul Osborne as defendants. *See* ECF No. 93 at 120. The implication that the Trevor Complaint alleges that Osborne was Icon's subcontractor is denied.

68. Denied on the grounds that this is not a single fact, but rather several facts that are nearly an entire page in violation of Local Rule 56.1. Otherwise, admitted that the Trevor Complaint contains these allegations, among others.

69. Admitted that the Trevor Complaint contains this allegation, among others.

70. Admitted that the Trevor Complaint contains this allegation, among others.

71. Admitted that the Trevor Complaint seeks damages for mental and emotional distress.

72. Denied that paragraphs 187 and 188 of the Trevor Complaint, which this Paragraph cites, contains these allegations. To the extent Icon is citing to the alleged amended count 8 of the Trevor Complaint, it is denied that Westfield was provided notice of such alleged amendment. Therefore, Westfield is without sufficient information to either admit or deny the veracity of Exhibit 13 to Icon's Brief, and thus, it is denied.

73. Denied that this is a material fact in the instant dispute.

74. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

75. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

76. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

77. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

78. Denied that this is a material fact in the instant dispute. Further denied that extrinsic evidence is relevant to the coverage determination before the Court.

79. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

80. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

81. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

82. Denied as stated. Westfield denied Icon coverage for the Trevor Case under certain terms, conditions, limitations, exclusions, and/or endorsements of the Policy by way of a detailed declination letter. *See* ECF No. 28-7. Any characterization of Westfield's declination letter is denied.

83. Westfield is without sufficient information to either admit or deny this Paragraph, and therefore, this Paragraph is denied.

84. Denied that this is a material fact in the instant dispute. Further denied that the process Westfield undertook to make a coverage determination is relevant to the coverage determination before the Court.

                Respectfully submitted,

                **FOX ROTHSCHILD LLP**

By: _____
      John J. Haggerty, Esq. (66932)
      James C. Clark, Esq. (310900)
      Zachary C. Martin, Esq. (307223)
      2700 Kelly Road, Suite 300
      Warrington, PA 18976
      215.345.7500 (telephone)
      215.345.7507 (facsimile)
      *Attorneys for Plaintiff,*
      *Westfield Insurance Company*

Date:  July 31, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY<br>    Plaintiff,<br><br>v.<br><br>ICON LEGACY CUSTOM MODULAR HOMES and ICON LEGACY<br>    Defendants. | CIVIL ACTION NO.: 4:15-cv-00539-MWB<br><br>*Electronically Filed Document* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing was served upon the following via electronic filing:

Jonathan H. Rudd, Esq.
McNees Wallace & Nurick LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA 17108-1166

Date:  July 31, 2017

_____
James C. Clark, Esq.